UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

SCOTT MERRITT,

       Plaintiff,                          Case No. 12-14366
                                                   Honorable Thomas L. Ludington

v.

COMPANIES, INC.,

       Defendant.
                                          /

**ORDER OVERRULING PLAINTIFF'S OBJECTION TO REFERRAL OF CASE TO MAGISTRATE JUDGE CHARLES BINDER FOR GENERAL CASE MANAGEMENT**

Plaintiff Scott Merritt has filed at least seven lawsuits in this Court within the past six months. They include *Merritt v. Lexis Nexis*, 12-cv-12903 (filed July 2, 2012); *Merritt v. Isaguirre*, 12-cv-13717 (filed Aug. 22, 2012); *Merritt v. Experian*, 12-cv-13860 (filed Aug. 31, 2012); *Merritt v. Internal Revenue Service*, 12-cv-14233 (filed Sept. 24, 2012); *Merritt v. Lauderbach*, 12-cv-14141 (filed Sept. 18, 2012); *Merritt v. National ID Recovery, LLC*, 12-cv-14370 (filed Oct. 2, 2012); and this case, *Merritt v. Companies, Inc.*, 12-cv-14366 (filed Oct. 2, 2012). In each case but one, Plaintiff filed an application to proceed in forma pauperis. Pursuant to 28 U.S.C. § 636, the Court has referred each case to Magistrate Judge Charles Binder for general case management.

In each case, Plaintiff has filed an objection Judge Binder exercising the authority granted to him under § 636. In this case, for example, Plaintiff writes that he objects "to any decision making of consequence on the part of Charles Binder." Pl.'s Objection 1, ECF No. 5. Plaintiff explains: "Charles Binder has exhibited judicial bias on other matters of recent [sic] that are

unrelated and based on this fact[,] there is no confidence in his ability to remain objective in the matters involved." *Id.*

In the objection filed in this particular case, Plaintiff does not elaborate on what he believes illustrates Judge Binder's bias. Reviewing the objections that Plaintiff has filed in other cases, however, it becomes clear that the principal source of his frustration is Judge Binder performing his duties under 28 U.S.C. 1915(e)(2)(B). That section provides that a court "shall dismiss" an in forma pauperis complaint that "fails to state a claim on which relief may be granted." *Id.*; *see Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) ("It is . . . clear that section 1915(e) not only permits but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim."); *Benson v. O'Brian*, 179 F.3d 1014, 1016 (6th Cir. 1999) (same). In each of Plaintiff's cases but one, as noted, Plaintiff filed an forma pauperis complaint. Consequently, for each of these cases § 1915(e)(2) required Judge Binder to determine whether the complaint states a claim on which relief can be granted.

One such case was *Merritt v. Lexis Nexis*, which Judge Binder recommended be dismissed for not stating a claim. Objecting to the recommendation, Plaintiff explained: "I am writing to you to formally object to the dismissal of this matter. I informed the court on numerous occasions that there is blatant bias on the part of Magistrate [B]inder towards Scott Albert Merritt. . . . This matter is to proceed to trial or I will be forced to file not only a judicial complaint but begin disbarment proceedings against Charles Binder."

Elaborating on the bias that Plaintiff perceived in Judge Binder in *Merritt v. Isaguirre* (another case that Judge Binder recommended be dismissed for not stating a claim), Plaintiff continued: "I am prepared if required to pay the required fee to get justice as justice is clearly for sale in this matter as well as several others and Mr. Binder's blatant bias is apparent and

continuing with his efforts to frustrate justice." Plaintiff then reiterated that Judge Binder "is clearly trying to use my economic status as a basis to dispose of cases and such morally repugnant actions will not be tolerated." But, Plaintiff also noted, "I filed for IFP because I qualified for it and was granted but will borrow the money [I am] entitled to and would ask as an alternative that this case be consolidated and if this is not possible required funds will be borrowed, but the case is not to be dismissed or I will initiate proceedings against Mr. Binder for his intentional malfeasance."

To determine whether Plaintiff had any other reasons for asserting that Judge Binder was biased (aside from performing his obligations under § 1915(e)(2)), a hearing was conducted on December 13, 2012. When questioned about his belief that Magistrate Judge Binder harbors bias against him, Plaintiff explained that Judge Binder was involved in several of Plaintiff's Internal Revenue Service cases during the late 1990's or early 2000's. When pressed he could not provide an exact date of the case, but he assured the Court that the Judge Binder was counsel for the IRS in the cases. And, Plaintiff further explained, he and Judge Binder shared a "longstanding history of hatred" for each other. Plaintiff acknowledged this is the only other reason that he wants Judge Binder excluded from the proceedings.

After a review of Judge Binder's experience, it appears that Plaintiff is mistaken. Judge Binder was appointed to his current position as a Magistrate Judge of the United States District Court, Eastern District of Michigan in 1984. He has remained on the bench (and out of private practice) since that time. Plaintiff was born in 1972. Plaintiff was 12 years old when Judge Binder left private practice. Moreover, Plaintiff could not have met Judge Binder as counsel for the IRS. Judge Binder has never worked for the IRS. In sum, Plaintiff has confused Judge

Binder with someone else, and Plaintiff's objection to Judge Binder's involvement in this case lacks merit.

Accordingly, it is **ORDERED** that Plaintiff's objection (ECF No. 5) is **OVERRULED**.

Dated: December 27, 2012                                  s/Thomas L. Ludington
                                                          THOMAS L. LUDINGTON
                                                          United States District Judge

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon Scott A. Merritt, at 2014 N. Saginaw Road #305, Midland, MI 48640 by first class U.S. mail on December 27, 2012.

                    s/Tracy A. Jacobs
                    TRACY A. JACOBS